**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Epson America, Inc. ) | |
| ) | |
| Plaintiff, ) | Case No.: _____ |
| ) | |
| v. ) | |
| ) | |
| SHENZHEN YUHONGWEIYE ) | |
| TECHNOLOGY CO., LTD., HUANAN ) | |
| TRADING CO., LIMITED, and ) | |
| YONGTIAN LIMITED, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

Plaintiff Epson America, Inc. ("Epson"), by and through its undersigned counsel, complains of defendants SHENZHEN YUHONGWEIYE TECHNOLOGY CO., LTD. ("Shenzhen Yuhongweiye"), HUANAN TRADING CO., LIMITED ("Huanan Trading"), and YONGTIAN LIMITED ("Yongtian," and collectively, "Defendants" or "ELEPHAS"), and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1.      This is an action for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for violations of Massachusetts General Laws Chapter 93A.  Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as this action arises under the Lanham Act,

15 U.S.C. § 1125(a).

3.      Defendants are subject to personal jurisdiction in this forum because they misrepresented the nature of products to residents of the Commonwealth of Massachusetts and this District; because Defendants have caused injury to Epson in the Commonwealth of Massachusetts and this District; because Defendants engage in the unlawful conduct complained of herein, in part, within the Commonwealth of Massachusetts and this District; because Defendants regularly conduct or solicit business within the Commonwealth of Massachusetts and this District; and because Defendants regularly and systematically direct electronic activity into the Commonwealth of Massachusetts and this District with the intent of engaging in business herein, including the sale and/or offer for sale of products to Internet users within the Commonwealth of Massachusetts and this District, as well as, upon information and belief, entry into contracts with residents of the Commonwealth of Massachusetts and this District through the sale of items through various online retail platforms.

4.      Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California.  It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano.  Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories.  Epson has been a leading innovator in its field since it was founded in 1942.

6.      Defendant SHENZHEN YUHONGWEIYE TECHNOLOGY CO., LTD. is, upon information and belief, a foreign business entity.  Upon information and belief, Shenzhen Yuhongweiye manufactures and/or is otherwise responsible for the ELEPHAS projector products

at issue.  It lists an incomplete business address in California, as reflected on its website, https://elephas-projector.com/

7.     Defendant HUANAN TRADING CO., LIMITED is, upon information and belief, a foreign business entity operator an Amazon storefront. Upon information and belief, Huanan Trading offers for sale and/or sells ELEPHAS-branded projector products in the United States, including through amazon.com.

8.     Defendant YONGTIAN LIMITED is, upon information and belief, a foreign business entity operator an Amazon storefront.  Upon information and belief, Yongtian offers for sale and/or sells ELEPHAS projector products in the United States, including through amazon.com.

9.     This action seeks redress for Defendants' deliberate and unlawful misleading representations regarding the light output of their projectors.  Specifically, Defendants use false claims regarding the light output of their projectors in their product descriptions and advertising.

## FACTS

### A. Portable Consumer Projectors

10.     While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

11.     Today, consumers use digital projectors in the same way as television or computer screens.  Digital projectors receive video signals from external devices, such as computers, streaming devices, and cable boxes, and "project" those signals onto a screen.

12.     Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently mounted projectors for home theaters.

13. Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

14. As the name suggests, a projector uses light to "project" an image or moving images onto a large screen or surface.

15. The light projected by a projector onto a screen is referred to as the projector's light output. Light output is measured and described in lumens. The higher the lumen rating, the brighter the projector, and all else being equal, the more it will likely cost.

**B. Epson Projectors**

16. Epson is recognized throughout the world and the United States as a leading projector manufacturer.

17. Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

18. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

**C. Defendants' False Advertising of Projectors**

19. Defendants compete directly with Epson in the portable consumer projector market. Defendants manufacture, market, distribute, offer for sale, and/or sell projectors throughout the United States via online platforms, including amazon.com.

20. Defendants sell projectors under various models including, but not limited to, the following: ELEPHAS BL128, ELEPHAS W1K, and ELEPHAS YG561.

4

21.    On amazon.com, the ELEPHAS BL128 projector is advertised with a brightness of both 7,000 lumens and 3,500 lumens.





22.    On amazon.com, the ELEPHAS W1K projector is advertised with a brightness of 3,000 lumens.







23.     On amazon.com, the ELEPHAS YG561 projector is advertised with a brightness of 2,000 lumens.





24.     As shown above, the brightness value is prominently displayed throughout the projectors' listing pages.

25.     To be clear, it is Defendants that create the pages found on amazon.com.  It is Defendants, and not the retailer, that inputs the product specification into these pages.  It is Defendants, not the retailer, that place the false product specifications into the stream of commerce.

26.     Throughout the product pages, Defendants tout the brightness performance.

27.     Defendants display the brightness claim, recognizing the importance of brightness to a consumer.  Indeed, brightness is the top specification used by a consumer when purchasing a projector.

28.     Recognizing the importance of brightness and in order to gain traction in the United States projector marketplace, Defendants inflate the brightness specification of their projectors, including ELEPHAS BL128, ELEPHAS W1K, and ELEPHAS YG561, in their online advertisements knowing that improperly enhancing the brightness specification will result in artificially higher sales of the falsely advertised projectors.

29.     Epson hired an independent third-party lab to test the brightness of the ELEPHAS BL128 projector using the internationally published standard ISO 21118 for measuring projector brightness.

30.     Using ISO 21118 international standard, the independent third-party lab determined

the brightness of the ELEPHAS BL128 to be 93 lumens – significantly less than the 7,000 and 3,500-lumen values advertised by Defendants.

31.    Epson also hired an independent third-party lab to test the brightness of the ELEPHAS W1K projector using the internationally published standard ISO 21118 for measuring projector brightness.

32.    Using ISO 21118 international standard, the independent third-party lab determined the brightness of the ELEPHAS W1K to be 800 lumens – which is significantly less than the 3,000-lumen value advertised by Defendants.

33.    Epson also hired an independent third-party lab to test the brightness of the ELEPHAS YG561 projector using the internationally published standard ISO 21118 for measuring projector brightness.

34.    Using ISO 21118 international standard, the independent third-party lab determined the brightness of the ELEPHAS YG561 to be 730 lumens – which is significantly less than the 2,000-lumen value advertised by Defendants.

35.    As shown by the independent third-party testing, Defendants are significantly misrepresenting the light output of their projectors to consumers, which causes confusion in the marketplace.

36.    As a result of the above, purchasers of any of ELEPHAS's projectors are likely to be, and have actually been, misled by Defendants' literally false product labeling, descriptions, and advertisements.

37.    For example, at least four customers have left reviews on amazon.com about their poor experiences with ELEPHAS's projectors, particularly related to the brightness:









38.    Upon information and belief, given its importance, Defendants have used the false brightness specifications to entice consumers to purchase their projectors based upon these specifications and claims.

39.    Consumers expect the represented product specifications to be accurate for ELEPHAS's projectors, as they base their purchasing decisions in large part on these representations.   In fact, consumers that purchase Defendants' projectors receive projectors with drastically lower brightness performance outputs.

40.    ELEPHAS's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public.  These false and misleading representations are designed to entice consumers to purchase Defendants' products over Epson's products.

41.    The natural, probable, and foreseeable result of ELEPHAS's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

42.    By means of example, after having a poor experience with an ELEPHAS projector with an improperly inflated lumen value of "7,000 lumens," the consuming public is less likely to purchase a projector with an actual rating of 7,000 lumens as consumers will be unaware that ELEPHAS's "7,000 lumens" projector is representative of the performance of a 93-lumen projector rather than a true 7,000 lumen projector.  This causes irreparable harm to Epson as well as to the entire portable projector marketplace, potentially causing consumers to purchase, *inter alia*, flat screen televisions rather than projectors.

43.    Epson is informed and believes that Defendants' wrongful conduct has resulted in increased sales and market share of Defendants' projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

44.    Epson has sustained and will continue to sustain irreparable damages as a result of Defendants' wrongful conduct, unless enjoined.

## COUNT I
### False Advertising / Unfair Competition – Lanham Act

45.    Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

10

46.    Defendants have made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding their products.  These advertisements contain actual misstatements and/or misleading statements regarding the light outputs of their projectors - attributes important to a consumer's purchasing decision.  These product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

47.    Defendants' false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

48.    Defendants' false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

49.    Defendants, as described more fully above, have caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law.  As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

50.    Defendants' actions are willful and done solely to improperly gain market share.

51.    Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendants the damages sustained by Epson as a result of Defendants' acts in violation of Section 43 of the Lanham Act.

52.    Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendants the gains, profits, and advantages that it has obtained as a result of their unlawful acts.  Epson is

presently unable to ascertain the full amount of the gains, profits, and advantages Defendants have obtained by reason of their unlawful acts.

53.     Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action.   Moreover, Epson is informed and believes that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

### Violation of G.L. c. 93A

54.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.     G.L. c. 93A prohibits any unlawful, unfair, or deceptive business act or practice.

56.     Defendants' acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or deceptive business acts and practices within the meaning of G.L. c. 93A.

57.     Defendants' misconduct has a tendency and likelihood to deceive members of the public.

58.     The foregoing acts and practices have caused substantial harm to Epson.

59.     As a direct and proximate cause of the unlawful, unfair, and deceptive acts and practices of Defendants, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

60.     Defendants' conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury.

**RELIEF REQUESTED**

WHEREFORE, Epson respectfully requests that this Court:

1. For temporary, preliminary, and permanent injunctive relief prohibiting Defendants, their distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Defendants to sell their falsely advertised products, from engaging in false or misleading advertising with respect to their projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all Defendants' products from online commerce sites, such as, but not limited to, amazon.com, until such a time as Defendants can correct the false or misleading advertisements;

2. For an order requiring Defendants to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Defendants' projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and their prior customers of the correct brightness;

3. That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) and G.L. c. 93A by unfairly competing against Epson by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendants' projectors;

4. That Epson be awarded damages it has sustained in consequence of Defendants' conduct including, but not limited to, its loss of market share;

5. That Epson be awarded Defendants' profits obtained by Defendant as a consequence of their conduct;

6. That such damages and profits be trebled and awarded to Epson as a result of Defendants' willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

13

7.      That Epson be awarded exemplary and punitive damages;

8.      That Epson recover its costs and reasonable attorneys' fees;

9.      That all of Defendant's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

10.     That Epson be granted prejudgment and post judgment interest; and

11.     That Epson be awarded such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Epson claims a trial by jury on all issues so triable.

Dated:    March 23, 2026

Respectfully submitted,

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson (BBO #667290)
morgan.nickerson@klgates.com
K&L Gates LLP
One Congress Street, 29th Floor
Boston, MA 02114
(617) 261-3100
(617) 261-3175

*Attorney for Epson America, Inc.*