**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

EPSON AMERICA, INC.,

     Plaintiff,

   v.

SHENZHEN YUHONGWEIYE
TECHNOLOGY CO.,
LTD, ET AL,

     Defendants.

Civil Action No.: 1:26−CV−11408−MJJ

## DEFENDANT YONGTIAN LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Yongtian Limited ("Defendant"), by and through its attorneys, answers the Complaint ("Complaint," Dkt. 1) filed by Plaintiff Epson America, Inc. ("Plaintiff") as set forth below. In response to all paragraphs of the Complaint, Defendant denies each and every allegation except as expressly admitted herein.

### NATURE OF THIS CASE

1.   The allegations of this paragraph call for a legal conclusion to which no answer is required. To the extent that it requires an answer, they are denied.

### JURISDICTION AND VENUE

2.   The allegations of this paragraph call for a legal conclusion to which no answer is required. To the extent that it requires an answer, they are denied.

3.   The allegations of this paragraph call for a legal conclusion to which no answer is required. To the extent that it requires an answer, they are denied.

4.     The allegations of this paragraph call for a legal conclusion to which no answer is required. To the extent that it requires an answer, they are denied.

## PARTIES

5.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

6.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

7.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

8.     Defendant admits that it is a foreign business entity, operates an Amazon storefront, and offers for sale and/or sells ELEPHAS-branded projector products in the United States through Amazon.com, and denies the remaining allegations in this paragraph.

9.     Denied.

## FACTS

### A.  Portable Consumer Projectors

10.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

11.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

12.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

13.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

14.    Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

15.    Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

### B. Epson Projectors

16.    Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

17.    Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

18.    Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

### C. Defendants' False Advertising of Projectors

19.    Defendant admits that it offers for sale and/or sells ELEPHAS-branded projector products in the United States through amazon.com, and denies as to the remaining allegations in this paragraph. Defendant lacks sufficient knowledge or information to respond to the remaining allegations of this paragraph in so far as they are addressed to other defendants, and therefore denies the same.

20.    Defendant admits that it sells ELEPHAS BL128, W1K, and YG561 projector models, and denies as to the remaining allegations in this paragraph. Defendant lacks sufficient knowledge or information to respond to the remaining allegations of this paragraph in so far as they are addressed to other defendants, and therefore denies the same.

21.    Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

22.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

23.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

24.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

25.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

26.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

27.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

28.     Denied.

29.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

30.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

31.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

32.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

33.     Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

34.    Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

35.    Denied.

36.    Denied.

37.    Defendant denies the allegations to the extent that it presently lacks sufficient knowledge or information to form a belief as to their truth.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

### COUNT I - False Advertising / Unfair Competition – Lanham Act

45.    Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraphs 1-44 of the Complaint herein.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

## COUNT II - Violation of G.L. c. 93A

54.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraphs 1-53 of the Complaint herein.

55.     The allegations of this paragraph call for a legal conclusion to which no answer is required. To the extent that it requires an answer, they are denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

## PRAYER FOR RELIEF

Denied.

## AFFIRMATIVE DEFENSES

Defendant incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative defenses to the claims set forth in the Complaint. Defendant reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted. In particular, the Complaint fails to provide any factual support for any of the claims from which the Court could conclude that Defendant is liable for any claim.

## SECOND AFFIRMATIVE DEFENSE

### (No Cause of Action)

6

Plaintiff fails to state a cause of action for false advertising or unfair competition under the Lanham Act or for violation of G.L. c. 93A.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury in fact or loss of money or property sufficient to confer standing under applicable law.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel, and Waiver)

Plaintiff's claims are barred, in whole, or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Business Justification)

The accused conduct constitutes justified and legitimate business activity undertaken in good faith competition and does not amount to false advertising, unfair competition, or deceptive trade practices.

## SEVENTH AFFIRMATIVE DEFENSE

### (Truthful, Non-Misleading, and Substantiated Advertising)

The alleged advertising, packaging, and statements at issue are truthful, accurate, substantiated, and not likely to mislead or deceive consumers.

## EIGHTH AFFIRMATIVE DEFENSE

### (Puffery and Opinion)

Any alleged representations at issue constitute non-actionable puffery, statements of opinion, or other forms of commercial speech protected under law, and therefore cannot support a claim for false advertising.

### NINTH AFFIRMATIVE DEFENSE

**(Materiality)**

Plaintiff cannot demonstrate that any alleged statement purportedly attributed to Defendant was material to consumers' purchasing decisions or had any effect on consumer behavior.

### TENTH AFFIRMATIVE DEFENSE

**(First Amendment and Commercial Speech Protection)**

Plaintiff's claims are barred, in whole or in part, by the protections afforded under the First Amendment and principles of commercial-speech protection.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Comparative Fault / Third-Party Conduct)**

Any alleged harm or damages claimed by Plaintiff were caused, in whole or in part, by third parties—including but not limited to independent distributors or other sellers—over whom Defendant had no control.

### TWELFTH AFFIRMATIVE DEFENSE

**(Good Faith)**

Defendant acted at all times in good faith, without intent to deceive or mislead, and in conformity with reasonable commercial practices.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Preemption)**

Plaintiff's claims are barred, in whole or in part, to the extent they are preempted by federal law, including the Lanham Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient for Damages)

Plaintiff's claims fail to allege facts sufficient to support an award of damages, lost profits, attorney's fees, or other costs or expenses.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment / Setoff)

Any relief sought by Plaintiff would result in unjust enrichment, and to the extent any recovery were warranted, Defendant is entitled to an offset or setoff for damages caused by Plaintiff's own conduct or related actions.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Competition Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct constitutes lawful and privileged competition protected under applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

Plaintiff is barred, in whole or in part, from recovering the damages it seeks on the grounds that it failed to mitigate its damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Damages Speculative)

Plaintiff's alleged damages are speculative and, therefore, not recoverable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No False Statements)

Plaintiff's claims for false advertising, as well as any claims premised on false advertising, are barred, in whole or in part, because any alleged statements are true.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful, Unfair, or Fraudulent)

Plaintiff's claim for unfair competition/business practices are barred, in whole or in part, because Defendant's conduct was not unlawful, unfair, or fraudulent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff lacks standing to pursue injunctive relief because Plaintiff does not face a risk of future injury.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive or other equitable relief are barred because there is an adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Supplemental Jurisdiction)

The Court lacks supplemental jurisdiction over Plaintiff's state law claim.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join One or More Indispensable Parties)

Plaintiff's claims are barred, in whole or in part, for its failure to join one or more indispensable parties.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Particularity)

To the extent Plaintiff's claims are based on allegations of fraud, suppression, concealment, intentional deception, or misrepresentation, such claims are barred, in whole or in part, because Plaintiff has failed to plead the circumstances constituting fraud with the particularity required under Federal Rule of Civil Procedure 9(b).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Willfulness, Intent, or Bad Faith)

Plaintiff's claims for enhanced damages, treble damages, exemplary damages, punitive damages, attorneys' fees, and any other relief requiring a showing of willfulness, intent, malice, or bad faith are barred, in whole or in part, because Defendant did not act willfully, intentionally, maliciously, knowingly, or in bad faith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Disgorgement or Profits)

Plaintiff is not entitled to disgorgement of profits or any award of Defendant's profits because Plaintiff cannot establish that any profits were attributable to the alleged false advertising, unfair competition, or deceptive conduct, or that there is any causal nexus between the alleged conduct and any profits obtained by Defendant. Any award of profits would be inequitable, speculative, duplicative, and would result in an impermissible windfall to Plaintiff.

## ADDITIONAL DEFENSES

Defendant alleges that there may be additional affirmative defense to Plaintiff's alleged claim for relief which are currently unknown to Defendant. Defendant reserves the right to amend this Answer to allege additional affirmative defenses in the event discovery or other information indicates they are appropriate.

## DEMAND FOR JURY TRIAL

Defendant hereby requests a jury trial for all issues triable by jury.

Respectfully submitted,

**GLACIER LAW LLP**

/s/ *Dandan Pan*

11

Dated: May 21, 2026

Tao Liu, Esq. (*pro hac vice* admitted)

Dandan Pan, Esq. (*pro hac vice* admitted)

Wei Wang, Esq. (*pro hac vice* admitted)

41 Madison Avenue, Ste. 2529

New York, NY 10010

Tao.liu@glacier.law

Dandan.pan@glacier.law

wei.wang@glacier.law

Christopher E. Hanba

Prince Lobel Tye LLP

500 W. 5th Street, Suite 1205

Austin, TX 78701

chanba@princelobel.com

Tel: (512) 737-2414

Fax: (617) 456-8100

*Attorneys for Defendants Shenzhen Yuhongweiye Technology Co., Ltd, Huanan Trading Co., Limited, and Yongtian Limited.*

12

## CERTIFICATE OF SERVICE

I, Dandan Pan, hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing.


/s/ *Dandan Pan*
Dandan Pan, Esq.