**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EPSON AMERICA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SHENZHEN YUHONGWEIYE<br>TECHNOLOGY CO.,<br>LTD, ET AL,<br><br>    Defendants. | Civil Action No.: 1:26−CV−11408−MJJ |

## DEFENDANT'S MEMORANDUM OF LAW ACCOMPANYING MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Shenzhen Yuhongweiye
Technology Co., Ltd

By its attorneys,

Tao Liu, Esq. (*pro hac vice* admitted)
Dandan Pan, Esq. (*pro hac vice* admitted)
Wei Wang, Esq. (*pro hac vice* admitted)
41 Madison Avenue, Ste. 2529
New York, NY 10010
Tao.liu@glacier.law
Dandan.pan@glacier.law
wei.wang@glacier.law

Christopher E. Hanba
Prince Lobel Tye LLP
500 W. 5th Street, Suite 1205
Austin, TX 78701
chanba@princelobel.com
Tel: (512) 737-2414
Fax: (617) 456-8100

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 5

II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND ........................................ 5

III.  LEGAL STANDARDS ........................................................................................ 6

   A.   Service of Process ............................................................................................ 6

   B.   Personal Jurisdiction ....................................................................................... 6

   C.   Rules 12(b)(6) ................................................................................................. 7

IV.   ARGUMENT ....................................................................................................... 7

   A.   Service on SYT Is Invalid Because Plaintiff Served an Email Address Not Shown to Belong to, Be Controlled by, or Reach SYT ............................................................... 7

   B.   This Court Lacks Jurisdiction Over SYT ........................................................... 8

   C.   The Complaint Fails to State Counts I and II Against SYT Under Rules 12(b)(6) and 9(b) 11

V.    CONCLUSION .................................................................................................... 13

TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................................................ 7

*Auburn Mfg., Inc. v. Steiner Indus.*,
493 F. Supp. 2d 123 (D. Me. 2007).......................................................................................... 10

*Aulson v. Blanchard*,
83 F.3d 1 (1st Cir.1996) ........................................................................................................... 12

*Blanding v. FedEx Ground Package Sys., Inc.*,
722 F. Supp. 3d 12 (D. Mass. 2024) .......................................................................................... 7

*Boit v. Gar-Tec Prods, Inc.*
967 F. 2d 671 (1st Cir. 1992) ..................................................................................................... 7

*Chlebda v. H. E. Fortna & Bro., Inc.*,
609 F. 2d 1022 (1st Cir. 1979) ................................................................................................. 10

*Consumer Fin. Prot. Bureau v. Commonwealth Equity Grp., LLC*,
554 F. Supp. 3d 202 (D. Mass. 2021) ...................................................................................... 12

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*,
290 F.3d 42 (1st Cir. 2002) ........................................................................................................ 7

*Dumont v. Reily Foods Co.*,
934 F.3d 35 (1st Cir. 2019) ...................................................................................................... 13

*Echevarria–Gonzalez v. Gonzalez–Chapel*,
849 F.2d 24 (1st Cir.1988) ......................................................................................................... 7

*Foster-Miller, Inc. v. Babcock & Wilcox Can.*,
46 F. 3d 138 (1st Cir. 1995) ..................................................................................................... 10

*Gagliardi v. Sullivan*,
513 F.3d 301 (1st Cir.2008) ........................................................................................................ 7

*Genzyme Corp. v. Shire Hum. Genetic Therapies, Inc.*,
906 F. Supp. 2d 9 (D. Mass. 2012) ............................................................................................. 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) ............................................................ 8

*Harlow v. Children's Hospital*,
432 F.3d 50 (1st Cir.2005) ......................................................................................................... 9

*Kaufman v. CVS Caremark Corp.*,
836 F.3d 88 (1st Cir. 2016) ...................................................................................................... 11

*Knox v. MetalForming, Inc.*,
   914 F.3d 685 (1st Cir. 2019) ....................................................................................... 11

*Lee v. Conagra Brands, Inc.,*
   958 F.3d 70 (1st Cir. 2020) ......................................................................................... 11

*Mestek, Inc. v. Shenzhen Mestek Elecs. Co.,*
   No. 3:24-CV-30155-KAR, 2025 WL 2977906 (D. Mass. Oct. 22, 2025) ................................. 8

*MMM Healthcare, Inc. v. MCS Health Mgmt. Options,*
   818 F. Supp. 2d 439 (D.P.R. 2011) ........................................................................ 11, 12

*Mulder v. Kohl's Dep't Stores, Inc.,*
   865 F.3d 17 (1st Cir. 2017) ......................................................................................... 13

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950) ...................................................... 6, 8

*Ne. Erectors Ass'n. v. Sec'y of Lab.*,
   62 F.3d 37 (1st Cir. 1995) ............................................................................................. 7

*Phillips v. Prairie Eye Ctr.,*
   530 F.3d 22 (1st Cir. 2008) ......................................................................................... 11

*Rivera v. Centro Médico de Turabo, Inc.,*
   575 F.3d 10 (1st Cir. 2009) ......................................................................................... 12

*Timmins Software Corp. v. EMC Corp.,*
   502 F. Supp. 3d 595 (D. Mass. 2020) ............................................................................ 11

*U.S. v. Swiss American Bank, Ltd.*,
   274 F.3d 610 (1st Cir.2001) .......................................................................................... 9

*United States v. Giraldo*,
   45 F.3d 509 (1st Cir. 1995) ........................................................................................... 6

*Williams-Sonoma, Inc. v. Wayfair Inc.,*
   652 F. Supp. 3d 216 (D. Mass. 2023) ............................................................................ 11

**Rules**

Fed. R. Civ. P. 12(b) ................................................................................................. 6

Fed. R. Civ. P. 12(b)(5).............................................................................................. 7

## I.    INTRODUCTION

Defendant Shenzhen Yuhongweiye Technology Co., Ltd ("SYT"), by and through its undersigned counsel, without waiving or submitting to personal jurisdiction, hereby moves the Court to dismiss Plaintiff Epson America, Inc.'s Complaint (Doc No. 1) in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(2), 12(b)(6), and 9(b).

The Complaint should be dismissed as to SYT for three independent and fatal reasons. *First,* service on SYT is invalid. Plaintiff obtained alternative service without making the required factual showing. Plaintiff did not allege, much less establish, that SYT owns, operates, controls, or has access to the email address used for service. That missing link is fatal. Service through an email address not shown to belong to, be controlled by, or reach SYT cannot satisfy Rule 4 or due process. *Second,* Plaintiff fails to establish personal jurisdiction over SYT. The Complaint relies on boilerplate, collective allegations against "Defendants," but pleads no SYT-specific Massachusetts contacts giving rise to Plaintiff's false-advertising claims. *Third,* the Complaint fails to state a claim against SYT. Plaintiff alleges that advertisements appeared on Amazon listing pages, but pleads no facts showing that SYT made, controlled, authorized, or participated in any challenged advertising statement. The Complaint therefore rests on attribution by assumption, not pleaded facts. That is insufficient under Rule 8 and even more deficient under Rule 9(b), because Plaintiff's claims sound in intentional deception and misrepresentation.

For these reasons, the Complaint should be dismissed as to SYT.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff Epson America, Inc. filed this action on March 23, 2026, asserting claims for (I) false advertising and unfair competition under Section 43(a) of the Lanham Act and (II) violation of G.L. c. 93A. As to SYT, the Complaint alleges only that SYT is a foreign business entity that

"manufactures and/or is otherwise responsible for the ELEPHAS projector products at issue." (Doc No. 1 ¶ 6.) The Complaint further alleges that SYT "lists an incomplete business address in California, as reflected on its website, https://elephas-projector.com/". (*Id.*)

The Complaint then shifts to different defendants and different conduct. It alleges that Huanan Trading Co., Limited and Yongtian Limited operate Amazon storefronts that offer for sale and/or sell ELEPHAS projector products in the United States, including through amazon.com. (*Id.* ¶¶ 7–8.) The challenged advertising statements identified in the Complaint appear on Amazon product-listing pages. (*Id.* ¶¶ 20–28.) Yet the Complaint pleads no facts showing that SYT created, controlled, authorized, or participated in those Amazon listings or any challenged advertising statement. As to SYT, Plaintiff offers only attribution by conclusion: that SYT "manufactures and/or is otherwise responsible." That is the allegation on which Plaintiff's claims against SYT rest.

## III.    LEGAL STANDARDS

### A.    Service of Process
Federal Rule of Civil Procedure 12 allows a party to file a motion to dismiss for insufficient service of process. This motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Due process concerns require that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950)).

### B.    Personal Jurisdiction
When faced with a motion to dismiss under both 12(b)(2) and 12(b)(6), a district court should ordinarily decide the 12(b)(2) motion first. *Ne. Erectors Ass'n. v. Sec'y of Lab.*, 62 F.3d 37,

39 (1st Cir. 1995). The plaintiff bears the burden of proffering sufficient facts to establish that a district court has personal jurisdiction over the defendants. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42,50 (1st Cir. 2002). The court will not, however, credit "conclusory allegations" or "conclusory averments" without "evidence of specific facts," and plaintiffs may not "rely on unsupported allegations in their pleadings." *Blanding v. FedEx Ground Package Sys., Inc.*, 722 F. Supp. 3d 12, 15 (D. Mass. 2024) (quotations omitted.). Evidence must be produced to support a jurisdictional allegation. *Boit v. Gar-Tec Prods, Inc.* 967 F. 2d 671, 680 (1st Cir. 1992).

### C. Rule 12(b)(6)

A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Genzyme Corp. v. Shire Hum. Genetic Therapies, Inc.*, 906 F. Supp. 2d 9, 14 (D. Mass. 2012). Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations and quotation marks omitted). "Dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir.2008) (citations omitted).

## IV. ARGUMENT

### A. Service on SYT Is Invalid Because Plaintiff Served an Email Address Not Shown to Belong to, Be Controlled by, or Reach SYT

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Proper service is required before a court may exercise personal jurisdiction over a corporate defendant. *See Echevarria–Gonzalez v. Gonzalez–Chapel*, 849 F.2d 24, 28 (1st Cir.1988). Even where alternative service is authorized,

the selected method must still satisfy due process; it must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *See Mullane,* 339 U.S. at 314;

On March 31, 2026, Plaintiff moved for alternative service, representing that SYT listed the following email address for communication – support@elephasusa.com on the website https://elephas-projector.com/. (Doc No. 5, p.2). On that basis, Plaintiff requested leave to serve SYT through that email address. (*Id.*) The Court granted Plaintiff's motion on April 1, 2026, and Plaintiff later filed proof of service asserting that it served SYT by email on April 2, 2026. (Doc Nos. 6,7). That service is invalid because Plaintiff's factual premises were wrong. Plaintiff has not shown that SYT owns, operates, or controls the website https://elephas-projector.com/ or that SYT owns, controls, uses, or has access to the email address support@elephasusa.com. In fact, SYT does not. (Declaration of Hou Zhicong ("Hou Decl."), ¶¶ 5-9). SYT did not receive the summons or Complaint through that email address because SYT had no access to it. (*Id.* ¶9)

Service through an email address not shown to belong to, be controlled by, or reach SYT is not reasonably calculated to provide notice. It does not satisfy Rule 4(f)(3) or due process. *See Mestek, Inc. v. Shenzhen Mestek Elecs. Co.,* No. 3:24-CV-30155-KAR, 2025 WL 2977906, at *2 (D. Mass. Oct. 22, 2025). Because SYT has not been properly served, the Complaint should be dismissed as to SYT under Rule 12(b)(5).

### B. This Court Lacks Jurisdiction Over SYT

A federal court may exercise general or specific jurisdiction over a defendant. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." *U.S. v. Swiss American Bank, Ltd.*,

274 F.3d 610, 618 (1st Cir.2001); General jurisdiction, on the other hand, exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant nevertheless has engaged in continuous and systematic activity, unrelated to the suit, in the forum state. *Id.* For either type of jurisdiction, in addition to the existence of sufficient "minimum contacts," the defendant's contacts with the state must be purposeful and the exercise of jurisdiction must be reasonable under the circumstances. *Harlow v. Children's Hospital*, 432 F.3d 50, 57 (1st Cir.2005).

Plaintiff has not made that showing. The Complaint pleads only boilerplate jurisdictional allegations against "Defendants" collectively. (Doc No. 1, ¶3.)  It does not plead SYT-specific contacts with Massachusetts. It does not allege that SYT is incorporated in Massachusetts, has its principal place of business in Massachusetts, maintains offices or employees in Massachusetts, or otherwise has continuous and systematic contacts sufficient to support general jurisdiction. Nor does it plead facts showing that SYT engaged in Massachusetts-directed conduct giving rise to Plaintiff's false-advertising claims. SYT is a Chinese entity and does not maintain offices, employees, or any physical presence in Massachusetts. (Hou Decl. ¶¶ 2-4). These facts do not come close to the exceptional showing required for general jurisdiction.

Specific jurisdiction fails for the same reason. Plaintiff's claims arise from alleged false advertising. The jurisdictional nexus therefore must be between SYT's own forum-based conduct and the allegedly false advertising at issue. Plaintiff pleads no such nexus. The only SYT-specific allegation is that SYT is a foreign business entity that "manufactures and/or is otherwise responsible for the ELEPHAS projector products at issue." (*Id.* ¶ 6.) That conclusory allegation does not establish that SYT itself made, directed, authorized, or disseminated any allegedly false advertising in Massachusetts.

Plaintiff bears the burden of proffering facts sufficient to establish jurisdiction. *Daynard,* 290 F.3d at 50. The Court need not credit conclusory jurisdictional allegations or unsupported averments. *Blanding,* 722 F. Supp. 3d at 15. As the First Circuit has explained, it is an "elementary mistake" to assume jurisdictional allegations are true; to establish personal jurisdiction, Plaintiff must go beyond the pleadings and make affirmative proof. *See Chlebda v. H. E. Fortna & Bro., Inc.,* 609 F. 2d 1022, 1024 (1st Cir. 1979). Plaintiff "is obliged to adduce evidence of specific facts." *Foster-Miller, Inc. v. Babcock & Wilcox Can.,* 46 F. 3d 138, 145 (1st Cir. 1995).

Plaintiff has not done so. Even assuming, for purposes of this motion only, that SYT is a manufacturer of the accused products, that still does not establish specific jurisdiction. A product connection is not the same as forum-directed false advertising. The Complaint identifies allegedly false statements appearing on Amazon product-listing pages, but it pleads no facts showing that SYT itself placed, controlled, authorized, or disseminated those statements in Massachusetts. In any event, SYT is not the manufacturer of the accused products. (Hou Decl. ¶10)

*Auburn Manufacturing* is directly on point. There, the court rejected personal jurisdiction where the record did not link the plaintiff's false-advertising claims to the defendant's own forum-based activities. *Auburn Mfg., Inc. v. Steiner Indus.,* 493 F. Supp. 2d 123, 132 (D. Me. 2007). The court explained that, in a false-advertising case, the relevant nexus is the alleged false advertising in the forum—not merely a defendant's relationship to products or to other entities that allegedly advertised them. *Id.* The court further held that "[p]ersonal jurisdiction cannot be established by bootstrapping another party's action onto the conduct of the defendant over which personal jurisdiction is sought." *Id.*

The same defect exists here. Plaintiff attempts to proceed against SYT based on collective allegations and assumptions about SYT's supposed relationship to the accused products. But

Plaintiff pleads no SYT-specific Massachusetts conduct and offers no evidence linking SYT's own forum-based activities to the alleged false advertising. Because Plaintiff fails to establish relatedness, purposeful availment, or reasonableness, the Court lacks specific personal jurisdiction over SYT. *See Phillips v. Prairie Eye Ctr.,* 530 F.3d 22, 27 (1st Cir. 2008); *Knox v. MetalForming, Inc.*, 914 F.3d 685, 690 (1st Cir. 2019).

> **C.     The Complaint Fails to State Counts I and II Against SYT Under Rules 12(b)(6) and 9(b)**

The Complaint fails to state any claim against SYT. Plaintiff's theory is based on alleged false advertising, intentional deception, and misrepresentation. Where claims rely on allegations of intentional and malicious false statements, even if not formally pleaded as fraud, they are treated as "effective" allegations of fraudulent misrepresentation sufficient to trigger Rule 9(b). *Timmins Software Corp. v. EMC Corp.,* 502 F. Supp. 3d 595, 605 (D. Mass. 2020). Rule 9(b) requires Plaintiff to plead with particularity the "who, what, where, and when" of the allegedly misleading representation. *Lee v. Conagra Brands, Inc.,* 958 F.3d 70, 74 (1st Cir. 2020) (quoting *Kaufman v. CVS Caremark Corp.,* 836 F.3d 88, 91 (1st Cir. 2016)).

That standard applies here because the Complaint repeatedly characterizes the challenged advertising as false, misleading, deliberate, willful, and intentional. Courts have applied Rule 9(b) to false-advertising claims sounding in deception and misrepresentation. *See Williams-Sonoma, Inc. v. Wayfair Inc.,* 652 F. Supp. 3d 216, 221 (D. Mass. 2023) (applying Rule 9(b) heightened pleading standard to false advertising claims); *MMM Healthcare, Inc. v. MCS Health Mgmt. Options,* 818 F. Supp. 2d 439, 448 (D.P.R. 2011) (noting that the pleading standard in a false advertising claim under § 1125 of the Lanham Act is not uniform through the circuits. The court evaluated that case under the heightened pleading standard.).

Plaintiff does not meet that standard. Nor does it meet Rule 8. The Complaint alleges only that SYT is a foreign business entity that "manufactures and/or is otherwise responsible for the ELEPHAS projector products at issue." (Doc No. 1 ¶ 6.) That is a conclusion, not a factual allegation showing that SYT made any false or misleading statement. The challenged advertisements identified in the Complaint appear on Amazon listing pages. (*Id.* ¶¶ 20–28.) But the Complaint pleads no facts showing that SYT created, controlled, authorized, approved, or participated in those Amazon listings or any challenged advertising statement.

That omission is fatal to Count I. The Court "may properly consider only facts and documents that are part of or incorporated into the complaint." *Rivera v. Centro Médico de Turabo, Inc.,* 575 F.3d 10, 15 (1st Cir. 2009) (quotation marks omitted). A Lanham Act false-advertising claim requires, at minimum, a false or misleading statement of fact in commercial advertising or promotion attributable to the defendant. *MMM Healthcare,* 818 F. Supp. 2d at 448. The Complaint does not allege facts showing that SYT made such a statement. It does not allege that SYT operated the Amazon listings, supplied the challenged lumen claims, or was identified on any packaging or advertisement containing the allegedly false statements. Plaintiff instead relies on the bare allegation that SYT "manufactures and/or is otherwise responsible" for the accused products. That type of unsupported conclusion cannot sustain a claim under Rule 8(a). *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

Count II fails for the same reason. Plaintiff's Chapter 93A claim is based on the same alleged false advertising and deceptive statements. But the Complaint does not plead any deceptive act or misrepresentation by SYT, much less the "who, what, where, and when" required under Rule 9(b). *See Consumer Fin. Prot. Bureau v. Commonwealth Equity Grp., LLC*, 554 F. Supp. 3d 202, 209 (D. Mass. 2021) (Rule 9(b) applies to Mass. Gen. Laws ch. 93A claim against unfair and

deceptive actions by making materially false statements.); *see also Dumont v. Reily Foods Co.,* 934 F.3d 35, 38-39 (1st Cir. 2019) (involving claimant that presumed her 93A claim must meet 9(b) standard); *Mulder v. Kohl's Dep't Stores, Inc.,* 865 F.3d 17, 21-22 (1st Cir. 2017) (applying 9(b) standard where false advertising claim under 93A involved core allegations that effectively charge fraud).

Because the Complaint fails to allege facts showing that SYT made, controlled, authorized, or participated in any challenged advertising statement, Counts I and II fail under Rule 8 and Rule 9(b) and should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Defendant Shenzhen Yuhongweiye Technology Co., Ltd. respectfully requests that the Court dismiss the Complaint as to SYT in its entirety and grant such further relief as the Court deems just and proper.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>**GLACIER LAW LLP**</td></tr>
<tr><td>Dated: May 21, 2026</td><td>/s/ *Dandan Pan*<br>Tao Liu, Esq. (*pro hac vice* admitted)<br>Dandan Pan, Esq. (*pro hac vice* admitted)<br>Wei Wang, Esq. (*pro hac vice* admitted)<br>41 Madison Avenue, Ste. 2529<br>New York, NY 10010<br>Tao.liu@glacier.law<br>Dandan.pan@glacier.law<br>wei.wang@glacier.law</td></tr>
<tr><td></td><td>Christopher E. Hanba<br>Prince Lobel Tye LLP<br>500 W. 5th Street, Suite 1205<br>Austin, TX 78701</td></tr>
</table>

chanba@princelobel.com
Tel: (512) 737-2414
Fax: (617) 456-8100

*Attorneys for Defendants Shenzhen
Yuhongweiye Technology Co., Ltd, Huanan
Trading Co., Limited, and Yongtian Limited.*

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any non-registered participants.

Date: May 21, 2026                               /s/ *Dandan Pan*
                                                 Dandan Pan

15